Cite as 2025 Ark. 115

# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE AMENDMENTS TO THE ARKANSAS RULES OF PROFESSIONAL CONDUCT | **Opinion Delivered:** June 5, 2025 |

## PER CURIAM

In response to the growing use of artificial intelligence, the Supreme Court of Arkansas Committee on Automation created a subcommittee to study the use of artificial intelligence in courts. Likewise, the Arkansas Bar Association formed the Task Force on Artificial Intelligence. The two have worked together to review how the expansion of artificial intelligence impacts legal practice in Arkansas. As the result of this work, the Task Force unanimously recommended the following amendments to the Arkansas Rules of Professional Conduct. This recommendation was approved unanimously by the Arkansas Supreme Court's Committee on Civil Practice. The amendments add a paragraph to the Preamble and bring the heading of Rule 5.3 in conformity with the Model Rules of Professional Conduct published by the American Bar Association. The amendments are shown in "line-in, line-out" form.

We now publish these amendments for comment. The comment period shall end on August 1, 2025. Comments should be submitted in writing to: Kyle E. Burton, Clerk of the Arkansas Supreme Court, Attention: Amendments to Arkansas Rules of Professional Conduct, Justice Building, 625 Marshall Street, Little Rock, AR 72201, or by email: rulescomments@arcourts.gov. The court will consider any comments and will make subsequent amendments if necessary.

**PREAMBLE**

. . .

[22] Unless otherwise specified, nothing in these rules prohibits an attorney's use of non-human assistance, including, but not limited to, artificial intelligence (AI). However, the use of non-human assistance does not excuse or mitigate any violation of the rules that occurs as a result of using such assistance. Please be advised of Administrative Order 25 before using AI.

**RULE 5.3. RESPONSIBILITES REGARDING NONLAWYER ~~ASSISTANTS~~ASSISTANCE.**

With respect to ~~a~~ nonlawyer assistance, employed or retained by or associated with a lawyer:

(a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer;

(b) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and

(c) a lawyer shall be responsible for conduct of such a person that would be a violation of the rules of professional conduct if engaged in by a lawyer if:

> (1) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or

(2) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has the direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.