Cite as 2025 Ark. 221

# SUPREME COURT OF ARKANSAS

| | |
|---|---|
| IN RE AMENDMENTS TO THE ARKANSAS RULES OF PROFESSIONAL CONDUCT | **Opinion Delivered:** December 11, 2025 |

## PER CURIAM

On June 5, 2025, we published proposed amendments to the Arkansas Rules of Professional Conduct addressing the impact of the expansion of artificial intelligence for the legal practice in Arkansas. *See In re Amends. to the Ark. Rules of Prof'l Conduct*, 2025 Ark. 115 (per curiam). The amendments add a paragraph to the Preamble and alter the heading of Rule 5.3 of the Arkansas Rules of Professional Conduct.

The comment period closed, and we now adopt these amendments effective immediately. The amendments are shown in "line-in, line-out" form.

**PREAMBLE**

. . .

[22] Unless otherwise specified, nothing in these rules prohibits an attorney's use of non-human assistance, including, but not limited to, artificial intelligence (AI). However, the use of non-human assistance does not excuse or mitigate any violation of the rules that occurs

from using such assistance. Please be advised of Administrative Order No. 25 before using AI.

**RULE 5.3. RESPONSIBILITIES REGARDING NONLAWYER**

**ASSISTANTSASSISTANCE.**

With respect to ~~a~~ nonlawyer assistance, employed or retained by or associated with a lawyer:

(a) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the nonlawyer assistance ~~person's conduct~~ is compatible with the professional obligations of the lawyer;

(b) a lawyer having direct supervisory authority over the nonlawyer assistance shall make reasonable efforts to ensure that the nonlawyer assistance's ~~person's conduct~~ is compatible with the professional obligations of the lawyer; and

(c) a lawyer shall be responsible for ~~conduct of such a person a~~ nonlawyer assistance that would be a violation of the rules of professional conduct if engaged in by a lawyer if:

> (1) the lawyer orders or, with the knowledge of the specific use or conduct, ratifies the use or conduct involved; or

> (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the nonlawyer assistance ~~person~~ is used ~~employed~~, or has the direct supervisory authority over the use ~~over the person~~, and knows of the conduct or use at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

Comment:

For purposes of this Rule, "nonlawyer assistance" includes services performed by human personnel and by technological tools such as generative artificial intelligence platforms.