Cite as 2025 Ark. 217

# SUPREME COURT OF ARKANSAS

**No.** CV–25–758

|  |  |
|---|---|
| | **Opinion Delivered:** December 11, 2025 |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES                  **PETITIONER** | |
| V. | |
| APRIL WARD AND MINOR CHILD                  **RESPONDENTS** | |
| | <u>SHOW–CAUSE ORDER ISSUED</u>. |

**PER CURIAM**

On December 2, 2025, the Arkansas Department of Human Services filed an expedited petition for writ of certiorari regarding a circuit court's order in a dependency-neglect case. The Department maintained that the circuit court's review order compelled the Department to take action that violated both the Juvenile Code and separation of powers. Dana McClain, the attorney ad litem for the minor child, responded to the Department's petition.[1]

During this court's review of the expedited matter, we determined that parts of McClain's brief contained citations to cases that could not be located. McClain included

---

[1]On December 4, we resolved the Department's request for expedited consideration and the request for writ of certiorari.

direct quotes from these purported cases. And McClain cited a statute—without noting the statute has changed—for a proposition of law that the statutory text does not support.

We are concerned that the citations may have been the result of generative artificial intelligence (GAI) tools and thus "hallucinated." We put the Bar of Arkansas on notice about our concern in this area last spring. *In re Amendments to the Ark. Rules of Prof'l Conduct*, 2025 Ark. 115 (per curiam). It is vital that attorneys realize that, while labeled "artificial *intelligence*," these search engines are not legally competent and cannot substitute for thorough legal research and analysis. Many of these GAI tools use algorithms that pull language patterns and regenerate them in altered and inaccurate forms. To avoid compounding the error and feeding these citations into large language models, we do not cite them here.

Our rules of appellate procedure provide that submission of a brief to this court constitutes a certification that each citation of law comes from an existing case:

> The filing of a brief, motion or other paper in the Supreme Court or the Court of Appeals constitutes a certification of the party or attorney that, to the best of his knowledge, information and belief formed after reasonable inquiry, the document is well grounded in fact; **is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law**; is not filed for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and that the document complies with the requirements of Rule of Civil Procedure 5(c)(2) regarding redaction of confidential information. A party or an attorney who files a paper in violation of this rule, or party on whose behalf the paper is filed, is subject to a sanction in accordance with this rule.

Ark. R. App. P. Civ.–11(a) (emphasis added). As one federal court has said about an identical federal rule, attorneys "must read, and thereby confirm the existence and validity of, the legal authorities on which they rely. Indeed, we can think of no other way to ensure that the arguments made based on those authorities are 'warranted by existing law.'" *Park v. Kim*,

91 F.4th 610, 615 (2d Cir. 2024). Put bluntly, "[A] fake opinion is not existing law." *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 461 (S.D.N.Y. 2023).

Because we determine that sanctions may be appropriate if Rule 11 was violated, we order Dana McClain to show cause, in writing, why a sanction should not be imposed. Ark. R. App. P.–Civ. 11(d). McClain shall submit to this court the full text of every opinion and statute cited in her brief and an affidavit explaining the following:

- the extent to which she relied on artificial intelligence,

- which GAI tools she used,

- the prompts used to generate the material,

- the identity of any documents that were uploaded into the GAI tools,[2] and

- how her citations were generated.

The response shall be filed before 5:00 p.m. on Monday, January 5, 2026.

Show-cause order issued.

---

[2]In addition to the "hallucinated" citations noted above, we are also gravely concerned about the possibility that confidential or sealed information—particularly regarding a juvenile—may have been entered into a GAI tool. We caution that the Arkansas Rules of Professional Conduct apply when using GAI. *See In Re Adoption of Arkansas Supreme Court Administrative Order No. 25, Artificial Intelligence*, ___ Ark. ___ (December 11, 2025).