Cite as 2026 Ark. 17

# SUPREME COURT OF ARKANSAS
**No.** CV–25–758

|  |  |
|---|---|
| ARKANSAS DEPARTMENT OF HUMAN SERVICES <br><br> PETITIONER <br><br> V. <br><br> APRIL WARD AND MINOR CHILD <br> RESPONDENTS | **Opinion Delivered:** February 5, 2026 <br><br><br><br> <u>ORDER OF REPRIMAND ISSUED</u>. |

**PER CURIAM**

On December 11, 2025, we issued a show-cause order for Dana McClain, an attorney ad litem, to respond to our concerns that she filed a pleading with this court that included case law and statutes generated by artificial intelligence. *Ark. Dep't of Hum. Servs. v. Ward*, 2025 Ark. 217. During this court's review of the expedited matter, we determined that parts of McClain's response contained citations, including a direct quote, to cases that could not be located. We ordered McClain to respond to our concerns, provide any actual case law, and explain the specifics of how this occurred. McClain responded and admitted falling short of her professional obligations. We approve her self-imposed sanctions and issue this order of reprimand.

McClain admitted using Microsoft Office Copilot for assistance. She specifically entered questions like "can you provide case law to support this argument with citations

from Arkansas dependency-neglect law" and "can you provide statutes and case law that state this with citations." She affirmed that she did not upload any sealed juvenile records. McClain explained she intended to verify the accuracy of the citations but neglected to do so due to extraordinary personal circumstances. McClain explained that "it was a regrettable decision and lack of oversight made under significant personal strain." She immediately resigned from her position as an attorney ad litem and self-reported to our Office of Professional Conduct.

We expect attorneys to make arguments *"warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."* Ark. R. App. P. – Civ. 11(a). We find that McClain, by her own admission, violated Rule 11. We have explained that when a Rule 11 violation occurs, sanctions are mandatory. *See Crockett & Brown, P.A. v. Wilson*, 321 Ark. 150, 154, 901 S.W.2d 826, 828 (1995).

We recognize that the expedited matter coincided with McClain's genuine personal hardships. Yet with the volume of appellate work in McClain's past, she should have known there were options such as not filing a response, seeking an extension, or asking other counsel for assistance. We note McClain has twenty-five years of legal experience, and this is the first instance in which this court has encountered her misjudgment. Yet her violations of our rules concerning the use of AI were significant and avoidable in this case. Attorneys should be aware that the court's sanction is appropriate considering the specific remedial actions taken voluntarily in this case and the fact that the harm was mitigated due to the early discovery of the errors. Under different facts, attorneys should be aware that

consequences could be more severe, including but not limited to significant fines and potentially a suspension or loss of the privilege to practice law in Arkansas.

We find that this written reprimand, McClain's immediate resignation, and her self-reporting to OPC constitute appropriate sanctions.

Order of reprimand issued.